IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANA LUCIA JIMENEZ LOPEZ,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Case No. **3:26-CV-1004-L-BT** |
| | § | |
| **MARKEAYNE MULLIN, TODD LYONS, PAMELA BONDI, and ROBERT CERNA,** | § § | |
| | § | |
| Respondents. | § | |

**ORDER**

On June 4, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 9) was entered, recommending that the court dismiss without prejudice as moot this habeas case brought pursuant to 28 U.S.C. § 2241 because Petitioner Ana Lucia Jimenez Lopez ("Petitioner") has been removed from the United States and is no longer in the custody of Immigration and Customs Enforcement or "ICE." Therefore, the court lacks jurisdiction over this action. No objections to the Report were filed, and the fourteen-day deadline for doing so has expired.

Having considered the habeas petition, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice as moot** the section 2241 Petition and this action.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability, as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."[*] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 22nd day of October, 2026.

Sam A. Lindsay
United States District Judge

---

* Rule 11 of the Rules Governing Section 2254 provides as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.